**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ZUFFA, LLC d/b/a ULTIMATE FIGHTING
CHAMPIONSHIP and JOE HAND PROMOTIONS,
INC.,

                                      Plaintiffs,                        **ORDER**

                    -against-                             CV 15-6355 (ADS) (AKT)

SOUTH BEACH SALOON, INC., d/b/a SOUTH
BEACH SALOON, and MICHAEL J. MAUPIN,

                                     Defendants.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Judge Spatt has referred this action brought under 47 U.S.C. §§605(a) and 553 to this Court for a Report and Recommendation as to whether Plaintiffs' motion attorneys' fees and costs [DE 56] should be granted, and, if so, the amount of such fees and costs to be awarded. *See* June 28, 2018 Electronic Order. It appears that what counsel for Plaintiffs have titled "contemporaneous records specifying relevant dates, time spent, and work done in connection with this matter" -- submitted with counsels' motion as Exhibits A and B, *see* DE 58-1 and 58-2 -- are not actual contemporaneous billing records, but appear to be pulled from such records and pasted into a word processing document. In addition, counsel seeks fees for at least two different attorneys, charging at different billing rates, but neither of whom is identified next to the individual billing entries. Similarly, there is no indication whether any of the work done was performed by administrative staff or paralegals. The Court notes that under existing Second Circuit precedent, counsel cannot recover fees associated with purely clerical work. *See Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 151 (S.D.N.Y. 2015) ("[P]urely clerical or secretarial tasks

should not be billed" under fee shifting statutes "regardless of who performs them.") (quoting *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)).

If Plaintiffs wish to pursue this matter of fees, then counsel must submit actual contemporaneous billing records which reflect the information needed as set forth in this Order. If counsel are unable to submit documentation in the form of contemporaneous billing records, then counsel need to explain why in the first instance. If counsel cannot do so and intend to re-submit the information in the current format, then they are directed to break down their entries by identifying the individual who performed the work for each entry, including any attorneys and/or paralegals/clerical staff. Further, to the extent counsel seek fees for work done by any individuals other than those for whom counsel have already submitted their professional qualifications, counsel are directed to submit that additional professional background/qualification information as well.

All documentary evidence referenced in this Order is to be submitted no later than January 25, 2019. Counsel are directed to file this additional documentary support on ECF and to submit courtesy copies to Chambers. Failure to provide any of this documentary support may result in a recommendation that no fees be awarded.

**SO ORDERED.**

Dated: Central Islip, New York
January 3, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge